UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James L. Broadnax, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Mr. Larry Cannon, Interim Dir. Dept. Social Serv. Sumter; )<br>Ms. Tia McDuffie, Case Manager; )<br>Mrs. Sandra M. Williams, Supervisor; )<br>Ms. Lula King, Guardian Ad Litem; )<br>Mrs. Toby Horton, Domestic Violence Shelter Manager, )<br>)<br>Defendants. )<br>_____ ) | C/A No. 3:07-3092-MJP-JRM<br><br><br>Report and Recommendation |

### Introduction

The *pro se* plaintiff, James L. Broadnax, filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights and a state law claim for defamation, and he seeks to proceed in this Court without prepayment of the filing fee (*in forma pauperis*). Although the plaintiff is currently incarcerated in the Sumter County Detention Center facing charges which he did not disclose to this Court, this lawsuit concerns a matter unrelated to prison conditions. Although the plaintiff describes tragic facts including the death of his step-son, this lawsuit has been filed in the wrong court. This action should be dismissed *sua sponte* without prejudice based upon *Younger* abstention, Eleventh Amendment immunity, and quasi-judicial immunity.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments

for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Factual Background

The *pro se* plaintiff, who is incarcerated in the Sumter County Detention Center, brings this action concerning a matter unrelated to prison conditions. He is the step-father of one child and the father of two children, and he was the step-father of another child who died in October 2006. The plaintiff alleges that in May of 2006, the South Carolina Department of Social Services ("DSS") took all of the children into DSS custody against his wishes because the mother had temporarily abandoned the children due to her drug addiction and the defendants believed that custody with the plaintiff was "questionable." *See* Complaint at p.4. Allegedly, the defendants Cannon, McDuffie, Williams, and King gave the plaintiff hope that if he successfully completed a treatment plan he may be able to gain custody of the four children, while at the same time delayed giving him a treatment plan to perform. The plaintiff alleges that defendant McDuffie placed the children into a foster care home, knowing that the eldest child had asthma and failed to inform the foster parents of his condition and failed to provide his medicine. He alleges that Darrelle Leroy Busby (his step-son) died of respiratory failure six days after placement into a foster home. Plaintiff alleges that he had parented the child for nine years without incident.

The alleged tragic facts reveal that he and the children's mother had a domestic violence incident with police involvement and that the mother has a drug addiction and has abandoned the children several times. *See* Complaint at pp. 3-4. The mother at some point moved out of the family home with the children to a YWCA domestic violence shelter, where defendant Horton is alleged to be the manager. After the mother abandoned the children at the shelter,

defendant Horton allegedly appeared in state court and stated that the plaintiff "is an abuser and with a long criminal record" and she instigated the DSS involvement with the children. *See* Complaint at pp. 3-4. The plaintiff alleges that he had a good job and was clean of drugs and alcohol for ten years and that he had many dealings with DSS in his attempt to gain custody of the children. The plaintiff claims that because of his dealings and aggravations with the defendants, his business was financially ruined. He admits that after his step-son died and his business was ruined, he "fell apart" between March and May of 2007, by abusing substances, went bankrupt, lost his money, and his house went into foreclosure. The plaintiff then was arrested (he does not advise the Court as to the charges against him). Further, the plaintiff discloses that "the court" seeks to terminate his parental rights, and he lists case number 2006-DR-43-772. *See* Complaint at p.2. Liberally construed, the plaintiff seeks compensatory and punitive damages against the defendants, and he seeks certain equitable relief.

## Discussion

I. *Younger* abstention.

"The Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, No. 06-1829 (4th Cir. Aug. 29, 2007), *available at* 2007 WL 2429847 *2 (4th Cir. Aug. 29, 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.* Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower courts when abstention is permissible. *Id.* In *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v.*

*Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The Supreme Court has made clear that *Younger* abstention applies "as well 'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 351 (4th Cir. 2005). The area of family relations (i.e., custody of allegedly abused children, foster care system, access to adoption, child abuse proceedings) is a core source of state authority, and thus is an "important" state interest. *Id.* From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The face of the plaintiff's complaint reveals that he is facing a pending lawsuit in state court against the South Carolina Department of Social Services, who seeks to terminate his parental rights to his children. In this federal lawsuit, giving liberal construction to the plaintiff's allegations, he seeks relief because his constitutional due process liberty interest to raise his own children was violated by DSS taking his children away from his home and placing them into DSS custody. *Cf. Hawkins v. Freeman*, 195 F.3d 732, 747 (4th Cir. 1999) (discussing substantive due process and noting that the right to direct one's children's upbringing is fundamental). Further, he alleges that based upon his male gender his constitutional right to equal protection under the laws was violated (i.e., his right as a male to have the same opportunity for custody of children as a female). In this federal lawsuit, issues related to the plaintiff's fitness to be a parent would have to be resolved to determine whether the defendants acted appropriately when DSS took legal custody

5

of the children rather than giving legal custody to the plaintiff. *Cf. White by White v. Chambliss*, 112 F.3d 731, 735 (4th Cir. 1997) (noting that where a parent claimed that illegal seizure of her children violated her right to custody of them, DSS may constitutionally remove children from a parent under certain circumstances). Many similar issues concerning the plaintiff's fitness to be a parent will be litigated in the pending state court termination of parental rights case. *Cf. M.L.B. v. S.L.J.*, 519 U.S. 102, 118-19 (1996) (noting that a termination of parental rights is total and irrevocable and leaves the parent with no right to visit or communicate, which is a severe form of state action). This Court believes that the plaintiff will have an adequate opportunity to raise his constitutional claims in the state court proceedings. Accordingly, because the three prongs of the Fourth Circuit's *Martin Marietta Corp.* test are satisfied, this Court should abstain from deciding this lawsuit.

II. Eleventh Amendment Immunity.

If this Court assumes that abstention is *not* appropriate, three of the named defendants (Cannon, McDuffie, and Williams – "the DSS defendants") are sued for actions taken during their employment with the South Carolina Department of Social Services. Even liberally construed, no facts are alleged to demonstrate the DSS defendants acted outside the scope of their required duties; in other words, the facts allege that the DSS defendants acted in their "official" capacities during the child custody proceedings and dealings with the plaintiff. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South*

6

*Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst State Sch. & Hosp.*, a state must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court.[1] *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). It

---

[1] The plaintiff's constitutional claims pursuant to § 1983 may be filed in the state court of common pleas against those defendants who may not be sued in federal court due to the Eleventh Amendment. Liberally construed, the plaintiff seeks damages based upon the death of his step-son because Darrelle Leroy Busby allegedly died due to defendant McDuffie's deliberate indifference to his medical needs during the placement process. Rather than the plaintiff bringing this claim, such a claim should probably be brought by the estate of Darrelle Leroy Busby because the child's, not the plaintiff's, constitutional rights may have been violated. *See White by White v. Chambliss*, 112 F.3d 731, 733, 735 (4th Cir. 1997) (distinguishing between the parent's right to custody and the deceased child's right to appropriate custody placement). *Cf. Myers v. Loudoun County Pub. Sch.*, 418 F.3d 395, 400-01 (4th Cir. 2005) (a parent may not litigate his minor child's claim *pro se* in federal court). Additionally, the estate of Darrelle Leroy Busby could bring a wrongful death action pursuant to the South Carolina Tort Claims Act based upon the alleged gross negligence. *See Jackson v. South Carolina Dep't of Corr.*, 390 S.E. 2d 467 (S.C. Ct. App. 1989), *aff'd* 397 S.E.2d 377 (S.C. 1990).

is clear that the Department of Social Services is an agency of the State of South Carolina and functions as an arm of the state. *Coffin*, 562 F. Supp. at 583. Therefore, the defendants Cannon, McDuffie, and Williams, who are sued in their official capacities, should be dismissed without prejudice based upon Eleventh Amendment immunity.

III. Absolute Quasi-Judicial Immunity.

Defendant King is alleged to be the guardian ad litem during the state court custody proceedings. The complaint demonstrates that her alleged actions were taken within the scope of her duties as guardian ad litem and there are no allegations of facts against defendant King that would rise to the level of gross negligence. It is not clear from the complaint whether she was court-appointed, privately retained, paid, or volunteered, but under the facts alleged in this case it makes no difference concerning immunity. Defendant King has absolute quasi-judicial immunity from suit under South Carolina law. *See Falk v. Sadler*, 533 S.E.2d 350, 355 (S.C. 2000); *Fleming v. Asbill*, 483 S.E.2d 751, 756 (S.C. 1997) (holding that private persons appointed as guardian ad litem in private custody proceedings are entitled to absolute quasi-judicial immunity from civil suit for acts performed within the scope of their appointment; further, inviting the S.C. legislature to change a statute which grants immunity to volunteer guardian ad litems in abuse and neglect cases for negligent acts but exposes them to liability for gross negligence). Accordingly, defendant King should be dismissed from this lawsuit based upon quasi-judicial immunity.

IV. Pendant Jurisdiction Over the Defamation Claim.

The only claim this Court can discern against defendant Horton is a state law claim for defamation of character. The plaintiff alleges that the mother at some point moved out of the family home with the children to a YWCA domestic violence shelter, where defendant Horton is

8

alleged to be the manager. After the mother abandoned the children at the shelter, defendant Horton allegedly appeared in state court and stated that the plaintiff "is an abuser and with a long criminal record" and she instigated the DSS involvement with the children. *See* Complaint at pp. 3-4.

Plaintiff's state law claim of defamation could be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state-law claims along with federal-law claims. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). 28 U.S.C. § 1367(a) requires such state claims to be "so related" to the federal claims "that they form part of the same case or controversy." Federal courts are permitted to decline supplemental jurisdiction pursuant to subsection (c) of § 1367, if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Clause (c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated.[2] *Id.* Because all claims against defendants Cannon, McDuffie, Williams, and King should be dismissed on the grounds of immunity and abstention, this Court should decline to exercise supplemental jurisdiction over plaintiff's state law claim against defendant Horton under

---

[2] This Court does not have original diversity jurisdiction over the plaintiff's state law claim against defendant Horton. The complaint reveals that both plaintiff and defendant Horton are domiciled in South Carolina; thus, complete diversity of parties is lacking. *See* 28 U.S.C. § 1332(a).

9

§ 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); and *Haines v. Kerner*, 404 U.S. 519 (1972).

**Plaintiff's attention is directed to the notice on the following page.**

s/Joseph R. McCrorey
United States Magistrate Judge

September 26, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

11