# IN THE DISTRICT COURT OF THE UNITED STATES

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| **James L Broadnax,** | C/A No.: 3:07-CV-03092 |
| **Plaintiff,** | |
| vs. | |
| Mr. Larry Cannon, Interim Dir. DSS Sumter, <br> Ms. Tia McDuffie, Case Manager; <br> Mrs. Sandra M. Williams, Supervisor; <br> Ms. Lula King, Guardian Ad Litem; <br> Mrs. Toby Horton, Shelter Manager | **O R D E R** |
| **Defendants.** | |

This matter is before the Court pursuant to a Report and Recommendation submitted by United States Magistrate Judge Joseph R. McCrorey, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules. Plaintiff brings this action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights as well as a state claim for defamation. Plaintiff requests that this Court make several findings of fact and enter judgment against the defendants for "punitive damages in the amount of $300,000.00 in financial losses."

Plaintiff proceeds in this action *pro se*. This Court is required to construe such *pro se* pleadings liberally to allow for the development of a potentially meritorious claim. Haines v. Kerner, 404 U.S. 519, 520 (1972). *Pro se* pleadings are held to a lower standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The Magistrate Judge makes only a recommendation to this Court. The

-1-

recommendation has no presumptive weight and the responsibility for making a final determination remains with this Court. <u>Matthews v. Weber</u>, 423 U.S. 261, 270-271 (1976).

With regard to Plaintiff's instant action, the Magistrate Judge recommends the District Court dismiss the complaint *without prejudice* and without issuance and service of process. The Magistrate Judge recommends dismissal pursuant to the Younger abstention doctrine, as articulated by the United States Supreme Court in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Under <u>Younger,</u> a federal court should abstain from exercising jurisdiction over a case, when hearing the case would potentially intrude upon the powers of another court, *unless* extraordinary circumstances so warrant. <u>Id</u>. To aid in a federal court's determination of when abstention is appropriate, the Supreme Court has established the following three-pronged test: Abstention is appropriate if there are (1) ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings. <u>Martin Marietta Corp. V. Maryland Comm'n on Human Relations</u>, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing <u>Middlesex County Ethics Comm'n v. Garden State bar Ass'n</u>, 457 U.S. 423, 432 (1982)).

Both Plaintiff's complaint and Plaintiff's objections to the Magistrate Judge's Report and Recommendation state that there is a pending action in the state family court to terminate his parental rights. Therefore, this Court finds that the requirements for abstention under <u>Younger</u> are satisfied. In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff has failed to set forth additional facts to persuade this Court that extraordinary circumstances exist warranting an exercise of jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1367.

Having reviewed the entirety of this case, including the Magistrate's Report and Recommendation, and Plaintiff's objections, this Court approves the recommendation of the magistrate. This action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Matthew J. Perry, Jr.
Senior United States District Judge

   April 15   , 2008

Columbia, South Carolina